IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEONA REDMON, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>HARRIS & HARRIS, LTD.,<br><br>   Defendant. | <br><br><br><br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Leona Redmon, individually and on behalf of all others similarly situated, by and through her attorneys, Caffarelli & Associates Ltd., for her Complaint against Defendant Harris & Harris, Ltd. ("Company"), states as follows:

## NATURE OF ACTION

1. Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and class action pursuant to the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL") and Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.*, ("IWPCA").

2. Specifically, Defendant violated the FLSA and IMWL by paying Plaintiff and putative members of the Plaintiff Class and Collective less than the federal and Illinois State mandated overtime wage by failing to compensate Plaintiff and the putative members of the Plaintiff Class and Collective at a rate of one and one-half times their regular rate of pay ("overtime") for all hours worked in excess of forty (40) hours per week and/or failing to properly account for and adjust their overtime rates of pay to account for earned commissions.

3. In addition, Defendant violated the IWPCA by failing to pay Plaintiff and members of the Plaintiff Class all agreed-upon wages earned.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. 29 U.S.C. § 216(b), and 29 U.S.C. § 2617.

5. This Court has supplemental jurisdiction over the state law IMWL claim pursuant to 28 U.S.C. § 1367.

6. The unlawful employment practices described herein were committed within the State of Illinois, at the Defendant's facility located in Chicago, Cook County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Leona Redmon ("Redmon") is an adult resident of Berwyn, Illinois.

8. Redmon worked for Defendant from in or about February 2015 through November 2016.

9. The members of the Plaintiff Class and Plaintiff Collective include all current and former account representatives employed by Defendant within the applicable statutory timeframe, who, like Plaintiff:

   a. were promised compensation that included an hourly rate plus commissions, but were not paid at the proper and sufficient overtime rate adjusted for their commissions earnings; and/or

   b. were not paid for all overtime hours worked, in excess of forty hours per workweek; and/or

      c. were not paid for all time worked, specifically including on-the-clock time that was rounded to their detriment. As a result, Plaintiffs and the Plaintiff Class were not paid all their wages earned, including overtime.

10. Harris & Harris, Ltd. is a collections agency, doing business in the State of Illinois, engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 2611(1). Defendant is located in Chicago, Illinois.

11. Defendant is an "enterprise" as defined in the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Defendant is subject to the overtime provisions of the FLSA and IMWL, and is an "employer" within the meaning of those statutes.

**FACTUAL ALLEGATIONS**

13. Defendant employed Redmon as an Account Representative in Defendant's office in Chicago, Illinois from on or about February 2, 2015 through on or about November 21, 2016.

14. Upon hiring, Defendant provided Plaintiff with a written agreement detailing her terms of compensation, which stated that Defendant would compensate Plaintiff at the rate of $13.00 per hour plus bonuses and commissions.

15. When hiring other members of the Plaintiff Class, Defendant similarly provided written agreement detailing their terms of compensation, specifically that they would be paid at an hourly rate, plus bonuses, and monthly commissions.

16. Defendant paid Plaintiff and the members the Plaintiff Class and Collective their hourly wages on a biweekly basis.

17. Defendant instructed Plaintiff and members of the putative Plaintiff Class and Collective to clock in and begin work up to ten (10) minutes before her and their scheduled starting times.

18. Throughout her employment with Defendant, Plaintiff regularly did clock in and begin work before her scheduled start time.

19. Other members of the putative Plaintiff Class and Collective regularly did clock in and begin work before their scheduled start times.

20. Defendant was aware that Plaintiff and other members of the putative Plaintiff Class and Collective began work before her and their scheduled start times.

21. Throughout her employment with Defendant, Plaintiff regularly worked past her scheduled end time in order to complete her job duties and clocked out after her scheduled ending time.

22. Other members of the putative Plaintiff Class and Collective regularly worked past their scheduled ending time and clocked out after their scheduled ending times.

23. Defendant was aware that Plaintiff and other members of the putative Plaintiff Class and Collective continued to perform work past her and their scheduled end times.

24. Defendant utilized a time card system that recorded the exact hour and minute in which Plaintiff and other members of the Plaintiff Class and Collective clocked in and out of work.

25. Defendant paid employees in by the minute, calculating their hours worked by the tenth of an hour. However, Defendant rounded the records of employees' time worked to the benefit of the employer and to detriment of the employee. Specifically, any time spent working before the employee's scheduled starting time and any work performed after the employee's

scheduled ending time was not compensated. Throughout her employment, Defendant rounded Plaintiff's time worked in this manner, which resulted in her not receiving her full wages for all time worked.

26. Defendant utilized this rounding policy in order to calculate the time worked and wages owed for Plaintiff and the members of the Plaintiff Class. Thus, Plaintiff, as well as all other members of the Plaintiff Class, was not paid for all time worked due to Defendant's rounding policy.

27. Plaintiff and members of the Plaintiff Class and Collective regularly worked in excess of forty (40) hours per week. Defendants did not properly calculate all time worked by Plaintiff and the members of the Plaintiff Class. Consequently, Defendants also failed to compensate Plaintiffs and other employees at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks ("overtime").

28. In addition to their hourly wages, Plaintiff and members of the Plaintiff Class and Collective were paid commissions.

29. Plaintiff and members of the Plaintiff Class and Collective earned commissions during months in which they worked overtime.

30. Defendant did not adjust the hourly overtime rate of pay for Plaintiff and members of the Plaintiff Class and Collective in order to account for and include their earned commissions. As a result, Defendant failed to pay Plaintiff and members of the Plaintiff Class and Collective at the correct overtime rate.

31. As a result of the policies and practices described above, Defendant failed to properly and timely compensate Plaintiff and the putative members of the Plaintiff Class and

Collective at the proper overtime rate for all hours worked in excess of forty (40) hours in individual workweeks.

32. Defendant knew or should have known of their obligation to fully pay employees their overtime wages for all hours worked and at the proper rate. Defendant acted in bad faith in failing to fully compensate Plaintiff and other members of the Plaintiff Class and Collective for all hours worked and at the proper overtime rate for the work they performed.

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of herself and all putative members of the Plaintiff Class (which includes putative Classes A, B, and C as defined herein).

34. Plaintiff seeks certification of their IMWL and IWPCA claims as a class action in order that the rights of Plaintiff and the Plaintiff Class, including all overtime and other wages due, statutory damages, prejudgment interest, and any other damages due, be resolved.

35. With respect to unpaid wages, Plaintiff represents, and is a member of the putative class as follows:

> **Class A:** All persons who (1) were employed by Defendant as account representatives, (2) within the applicable statute of limitations prior to the filing of the Complaint in this action, (3) who were paid at an hourly rate, and (4) whose hours of work were rounded such that they were not compensated for all time worked.

36. With respect to unpaid hourly overtime wages, the Plaintiff represents and is a member of the putative class defined as follows:

> **Class B:** All persons who (1) were employed by Defendant as account representatives, (2) within the applicable statute of limitations prior to the filing of the Complaint in this action, (3) who were paid at an hourly rate, (4) whose hours of work were rounded such that Defendants did not include all time worked when calculating the employee's hours of work per individual workweek, (5) who worked more than forty (40) hours per week during weeks when his/her hours were rounded, and (6) who were not compensated at an additional overtime rate for all hours over forty (40) worked per week.

37. With respect to unpaid adjusted overtime wages, the Plaintiff represents and is a member of the putative class defined as follows:

> **Class C:** All persons who (1) were employed by Defendant as account representatives, (2) within the applicable statute of limitations prior to the filing of the Complaint in this action, (3) who were paid at an hourly rate plus commissions, (4) who earned a commission during a pay period in which he or she worked in excess of forty (40) hours per individual workweek.

38. The members of the class are so numerous that joinder of all members of the Class is impracticable. Plaintiff believes that the putative class numbers between two hundred and five hundred individuals over the statutory timeframe.

39. Plaintiff satisfies the requirements of Rule 23(b) because the issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the class. These common questions of law and fact include, but are not limited to whether Defendant paid Plaintiffs and members of the Plaintiff Class at the applicable rate of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours in individual workweeks during which commissions were earned, whether Defendant rounded the hours worked by Plaintiff and members of the Plaintiff Class to their detriment such that Defendant failed to pay them all wages, and whether Defendant rounded the hours worked by Plaintiff and members of the Plaintiff Class to their detriment such that Defendant failed to pay them all overtime wages earned. In short, the claims of the named Plaintiff are identical to the claims of the class members.

40. The named Plaintiff is an adequate representative of the class because all potential plaintiffs were subject to Defendant's uniform practices and policies. Further, the named Plaintiff and the putative class plaintiffs have suffered the same type of economic damages as a result of Defendant's practices and policies.

41. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be unjust and inequitable.

**COUNT I – FAIR LABOR STANDARDS ACT – (Collective Action)**

42. Plaintiff re-states and incorporates paragraphs 1 through 41 as though fully set forth herein.

43. This Count arises from Defendant's violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for:

> a. Failing to pay Plaintiff and the putative members of the Plaintiff Collective at the applicable overtime rate because Defendant did not adjust the regular rate of pay to include commissions earned when calculating the overtime rate of pay; and/or
>
> b. Failing to pay Plaintiff and the putative members of the Plaintiff Collective compensation for all time worked and, as a result, their failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek.

44. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiff attaches as Exhibit A her Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

45. Defendant knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, as demonstrated by their company-wide compensation policies and methods of time keeping and payment. Defendant's failure to pay compensation for all time worked and, as a result, their failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, as well as their failure to adjust overtime wages to include earned commissions is a willful violation of the FLSA, since Defendant's conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

46. The Plaintiff's experiences are typical of the experiences of the putative class members, as set forth above.

47. For all members of the putative class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire putative class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff Leona Redmon, on behalf of herself and all other similarly situated individuals, known and unknown, respectfully requests that this Court enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f) Awarding such additional relief as the Court may deem just and proper.

**COUNT II – ILLINOIS MINIMUM WAGE LAW – (Class Action)**

48. Plaintiff re-states and incorporates paragraphs 1 through 41 as though fully set forth herein.

49. This Count arises from Defendant's violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for:

   a. Failing to pay Plaintiff and the putative members of the Plaintiff Class at the applicable overtime rate because Defendant did not adjust the regular rate of pay to include commissions earned when calculating the overtime rate of pay; and/or

   b. Failing to pay Plaintiff and the putative members of the Plaintiff Class compensation for all time worked and, as a result, their failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek.

50. At all relevant times herein, Defendant has been an "employer" as defined in the IMWL. 820 Ill. Comp. Stat. 105/3(c).

51. At all times relevant, Plaintiff and putative members of the Plaintiff Class were employed by Defendant as "employees" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*

52. Pursuant to the IMWL, for all weeks during which Plaintiff and the putative Plaintiff Class worked in excess of forty (40) hours, they were entitled to be fully compensated at the proper overtime rate.

53. Defendant violated the IMWL by failing to compensate the Plaintiff and the Plaintiff Class with overtime wages all hours worked in excess of forty (40) per workweek.

54. In addition, Defendants failed to pay Plaintiff and putative members of the Plaintiff Class at the proper adjusted overtime rate for all hours worked over forty (40) in a workweek and earned commissions. As a result, Defendants failed to pay Plaintiff and putative members of the Plaintiff Class all adjusted overtime that they were owed.

WHEREFORE, Plaintiff Leona Redmon, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) and/or 23(c)(4);

b) Appointing Plaintiff as Class Representative and his Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IMWL;

d) Awarding prejudgment interest on the back pay in accordance with 815 ILL. COMP. STAT. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 ILL. COMP. STAT. 105/12(a);

f) Awarding reasonable attorneys' fees and costs incurred in filing this action;

g) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 ILL. COMP. STAT. 105/1 *et seq.*; and

h) Ordering such other and further relief as this Court deems appropriate and just.

**COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT – (Class Action)**

55. Plaintiff incorporates paragraphs 1 through 41 as though fully set forth herein.

56. At all relevant times herein, Defendant has been an "employer" as defined in the IWPCA. 820 Ill. Comp. Stat. 115/2.

57. At all times relevant, Plaintiff and putative members of the Plaintiff Class were employed by Defendant as "employees" within the meaning of the IWPCA, 820 Ill. Comp. Stat. 115/2.

58. Under the IWPCA, an 'agreement' "means the manifestation of mutual assent on the part of two or more persons. An agreement is broader than a contract and an exchange of promises or any exchange is not required for an agreement to be in effect. An agreement may be reached by the parties without the formalities and accompanying legal protections of a contract and may be manifested by words or by any other conduct, such as past practice. Company policies and policies in a handbook create an agreement even when the handbook or policy contains a general disclaimer such as a provision disclaiming the handbook from being an employment contract, a guarantee of employment or an enforceable contract. While a disclaimer may preclude a contract from being in effect, it does not preclude an agreement by two or more persons regarding terms set forth in the handbook relating to compensation to which both have otherwise assented. An agreement exists even if does not include a specific guarantee as to the duration of the agreement or even if one or either party reserves the right to change the terms of the agreement." 56 Ill. Admin. 300.450.

59. Defendant entered an agreement with Plaintiff and members of the Plaintiff Class to compensate them per hours worked.

60. Defendant was obligated to pay Plaintiff and members of the Plaintiff Class at least their regular hourly rates for all hours worked.

61. Defendant was obligated to pay Plaintiff and members of the Plaintiff Class at the agreed-upon rate(s) for all work that the Plaintiff and members of the Plaintiff Class performed.

62. Because Defendant's rounding policy always rounds employees' time to Defendant's benefit, Defendant did not pay Plaintiff and members of the Plaintiff Class the compensation at their agreed-upon rates for all hours worked.

63. Defendants violated the IWPCA by failing to properly compensate Plaintiff and other members of the Plaintiff Class for all the hours worked each week.

WHEREFORE, Plaintiff Leona Redmon, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23;

b) Appointing Plaintiff as Class Representatives and her Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IWPCA;

d) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

f) Awarding reasonable attorneys' fees and costs pursuant to 820 Ill. Comp. Stat. 115/14(a);

g) Entering an injunction precluding Defendants from violating the IWPCA; and

h) Ordering such other and further relief as this Court deems appropriate and just.

**Plaintiff requests a trial by jury**

Dated: December 12, 2016  
Alejandro Caffarelli, #06239078  
Alexis D. Martin, #0639619  
Caffarelli & Associates Ltd.  
224 N. Michigan Ave., Ste. 300  
Chicago, Illinois 60604  
Tel. (312) 763-6880

Respectfully submitted,  
LEONA REDMON, individually and on behalf of all others similarly situated,


By: /s/ Alexis D. Martin  
    Attorney for the Plaintiff