IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEONA REDMON, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 16-cv-11263 |
| Plaintiff, | ) ) | Judge Jorge L. Alonso |
| v. | ) ) | Magistrate Jeffrey T. Gilbert |
| HARRIS & HARRIS, LTD., | ) ) | Jury Trial Demanded |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT**

Defendant, Harris & Harris, Ltd., by its attorneys, Aimee Delaney, Linda K. Horras and Susan M. Kusper of Hinshaw & Culbertson LLP, for its Memorandum in Support of its Motion to Dismiss Count III of Plaintiff's Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, states as follows:

**INTRODUCTION**

On December 12, 2016, Plaintiff Leona Redmon filed a three-count Complaint against Defendant, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Count I), the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.* (Count II) and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/2 (Count III). Defendant seeks to dismiss Count III of the Complaint on the basis that Plaintiff has not alleged the existence of an agreement entitling her to the compensation she seeks as required by the plain language of the IWPCA.

Plaintiff, on behalf of herself and similarly situated employees, alleges she was required to work before and after her scheduled shifts without pay. (Dkt. 1, at ¶¶ 17, 18, 19, 20, 21, 22, 23). According to her Complaint, she was denied compensation for this off-the-clock work,

consisting of regular time and overtime depending on whether she worked in excess of forty (40) hours per week, as a result of Defendant rounding of her time. (Dkt. 1, at ¶¶ 25, 26, 27). These allegations fall within the bounds of the FLSA and IMWL. Plaintiff also argues they form the basis for a claim under the IWPCA, presumably to take advantage of its generous ten (10) year statute of limitations.

Plaintiff acknowledges she must have something more than asserted violations under FLSA and IMWL to sustain a claim under the IWPCA. Specifically, a plaintiff must plead (and ultimately prove) that there is/was an agreement or contract between the parties to pay the specific compensation sought. Absent this agreement, a complaining party does not have a cognizable IWPCA claim. Plaintiff contends that Defendant's offer to pay her $13.00 per hour as stated in her written offer of employment is the requisite agreement supporting a violation of the IWPCA. (Dkt. 1, at ¶¶ 14, 15). But her claim is not that Defendant failed to pay her $13.00 per hour (paying her only $12.00 per hour, for example). Instead, she asserts Defendant failed to pay her *at all* for off-the-clock work. Plaintiff has not identified any agreement on the part of Defendant to pay her for off-the-clock work. Therefore, dismissal of Count III of her Complaint is warranted under Federal Rule of Civil Procedure ("Rule") 12(b)(6).

## ARGUMENT

**I.    Standard for Dismissal.**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint to state a claim for relief. Fed. R. Civ. Pro. 12(b)(6). Though a court is to construe a complaint in a light most favorable to the plaintiff, only a complaint that states a plausible claim for relief can survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To be plausible, the complaint must plead facts sufficient to allow the court to draw a reasonable inference that

the defendant is liable for the misconduct alleged. *Id.* A plaintiff is obligated to provide the "grounds" of his "entitlement to relief," which requires more than labels, conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Against this backdrop, even taking the allegations pled as true, Plaintiff fails to state a claim under the IWPCA in Count III of her Complaint.

## II. The IWPCA Does Not Establish a Substantive Right to Payment Absent an Agreement Between the Parties.

The FLSA and IMWL are the vehicles for the recovery of wages, both regular and overtime. Both statutes provide that employers must pay their employees wages at or above the statutory minimums. 29 U.S.C. § 206(a); 820 ILCS 105/4(a)(1). The FLSA provides a two- or three-year statute of limitations, depending on whether the employer's conduct was willful, and the IMWL provides a three-year statute of limitations for bringing suit for unpaid wages. 29 U.S.C. § 255; 820 ILCS 105/12(a).

In contrast to the FLSA and IMWL, the IWPCA does not establish a substantive right to payment of any particular regular or overtime wages. *Hoffman v. RoadLink Workforce Solutions, LLC,* No. 12 C 7323, 2014 WL 3808938, at *4 (N.D. Ill. Aug. 1, 2014). Instead, an IWPCA claim for unpaid wages must be brought pursuant to a contract or agreement. 820 ILCS 115/2; *Hoffman*, 2014 WL 3808938, at *4 ("[T]he IWPCA mandates payment of wages only to the extent the parties' contract or employment agreement requires such payment"); *Dominguez v. Micro Ctr. Sales Corp.*, No. 11 C 8202, 2012 WL 1719793, at *1 (N.D. Ill. April 11, 2013) (explaining a plaintiff suing under the IWPCA must allege compensation is due pursuant to an employment contract or agreement); *Lopez v. Smurfit-Stone Container Corp.*, No. 02 C 7347, 2003 WL 297533, at *3 (N.D. Ill. Feb. 10, 2003) (holding the IWPCA does not create an

131624138v1 0994391

entitlement to wages and noting that "no state law creates the right to payment of overtime wages for work performed outside a regular shift").

Although Illinois courts have interpreted the term "agreement" to be broader than a contract, a plaintiff must still allege sufficient facts to show a manifestation of mutual assent. *Enger v. Chi. Carriage Cab Co.*, 77 F. Supp. 3d 712, 716 (N.D. Ill. 2014); *Brand v. Comcast Corp.*, No. 12-cv-1122, 2013 WL 1499008, at *2 (N.D. Ill. April 11, 2013); *see also Nat'l Metalcrafters v. McNeil*, 784 F.2d 817, 824 (7th Cir. 1986) (claims for compensation under the IWPCA require that an employer "honor his contract.")

### III. Plaintiff Cannot Merely Allege the Existence of *Any* Agreement; She Must Allege the Existence of an Agreement to Pay Her for Off-The-Clock Work.

Courts in this jurisdiction repeatedly have held than an employer's promise to pay an employee for her work (at or above the minimum wage) is *not* the same as two parties entering into an agreement sufficient upon which to base a claim under the IWPCA. *See Smith v. C.H. James Rest. Holdings, LLC*, No. 11-cv-5545, 2012 WL 255806, at *2 (N.D. Ill. Jan. 26, 2012) ("To conclude that [the plaintiff] had some sort of informal agreement with the Defendants merely by working for them would render moot the rule that the IWPCA does not provide an independent substantive right to pay absent some agreement."). If it was, then every hourly employee automatically would have an IWPCA claim (maybe a decade down the road) for work performed at any time of the day, on any day of the week and for any reason regardless of the employee's scheduled shift. Defendant has not found any authority for this broad proposition.

Similarly, courts have held that an employer cannot enter into an agreement to pay the minimum wage or overtime wages for purposes of the IWPCA because employers already are obligated to pay such wages pursuant to federal and state law. In *Brand*, 2013 WL 1499008, at *2, for example, the court held that an employer's acknowledgment of its legal obligations

4

cannot be considered an "actionable IWPCA agreement." If it were, the court reasoned, then "nearly every overtime wage claim will have an IWPCA component." *Id.* That, according to the court, would run "counter to the idea that the IWPCA does not provide a substantive right to overtime pay." *Id.*; *see also Lopez v. Smurfit-Stone Container Corp.*, No. 02 C 7347, 2003 WL 297533, at *3 (N.D. Ill. Feb. 10, 2003) (holding that "no state law creates the right to payment of overtime wages for work performed outside a regular shift").

As noted, Plaintiff crafts her IWPCA claim to seek unpaid wages for pre-shift and post-shift off the clock work. (Dkt. 1, at ¶¶ 17, 18, 19, 20, 21, 22, 23, 35). She seeks compensation at both her regular rate of pay and the overtime rate of pay. (Dkt. 1, at ¶¶ 25, 26, 27). The "agreement" that supposedly supports her claim is Defendant's offer to pay her and similarly situated employees a particular hourly rate (in her case, $13.00 per hour). (Dkt. 1, at ¶¶ 14, 15). But Plaintiff does not allege Defendant failed to pay her that hourly rate. Instead, she claims Defendant failed to pay her *at all* for off-the-clock work. Accordingly, she must identify an agreement on the part of Defendant to pay her for off-the-clock work. At the risk of repetition, she has not done so. *See Dominguez*, 2012 WL 1719793, at *1 (holding that a plaintiff cannot just identify *any* agreement or a statutory right to certain wages; instead, she must allege the "existence of a contract or agreement that specifically gives her a right to the wages she seeks"); *Avorywoskie v. Kiana's Enterprise Inc.*, No. 13-cv-6062, 2015 WL 4639438 (N.D. Ill. Aug. 3, 2015) (dismissing an IWPCA claim where the plaintiff's "bare allegation" was that she "had an agreement within the meaning of the IWPCA to be compensated for all time worked at an agreed upon rate . . ."); *DeMarco v. Northwestern Mem'l Healthcare*, No. 10 C 397, 2011 WL 3510896, at *6 (N.D. Ill. Aug. 10, 2011) (rejecting an IWPCA claim for hours worked off-the-clock where there was no evidence of an agreement requiring such pay); *Gallardo v. Scott Byron*

5

131624138v1 0994391

*& Co.*, No. 12-cv-7202, 2014 WL126085, at *14 (N.D. Ill. Jan. 14, 2014) (finding that because the evidence showed there was no agreement to pay the plaintiff for off-the-clock work, the plaintiff had no claim under the IWPCA).

Illustrative of this point is the court's decision in *DeMarco v. Northwestern Mem'l Healthcare*, No. 10 C 397, 2011 WL 3510896 (N.D. Ill. Aug. 10, 2011). In that case, the plaintiff alleged she worked uncompensated off-the-clock work for which she was owed overtime pay. *Id.* at *1. This work took place during her meal breaks, after she clocked out for her scheduled shifts and on occasion when she was a patient at the defendant hospital. *Id.* In granting summary judgment to the defendants, the court held that absent any evidence of an agreement to pay for hours worked but not recorded, the plaintiff's IWPCA claim failed as a matter of law. *Id.* at *6.

Similarly, in *Hoffman v. RoadLink Workforce Solutions, LLC*, No. 12-C-7323, 2014 WL 3808938, at *5 (N.D. Ill. Aug. 1, 2014), the plaintiffs alleged, in part, the defendants did not pay them for pre-shift work, post-shift work and work in the final minutes of a shift that did not reach a full fifteen minute segment (i.e. rounding). In dismissing the claim, the court rejected the plaintiffs attempt to mold these allegations into an IWPCA claim, noting: "The trouble with Plaintiffs' submission, at least for purposes of an IWPCA claim, is that they do not allege they had an agreement with Defendants requiring Defendants to compensate them for that time. Again, absent such an allegation, the time component of [this count] fails to state a viable claim." *Id.* at *5.

Similar to the plaintiffs in *DeMarco* and *Hoffman,* the only time for which Plaintiff alleges she was not paid was for off the clock pre-shift and post-shift work by virtue of Defendant's alleged "rounding" of her time. (Dkt. 1, at ¶¶ 17, 18, 19, 20, 21, 22, 23, 62). Absent

the presence of an agreement to pay for this time, Plaintiff has not stated a cause of action under the IWPCA and Count III of her Complaint fails. Instead, these allegations, if true, are violations of the FLSA and IMWL.

## CONCLUSION

WHEREFORE, for the reasons stated above, Defendant, Harris & Harris, Ltd., respectfully requests this Court dismiss Count III of Plaintiff's Complain with prejudice pursuant to Rule 12(b)(6).

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: */s/ Linda K. Horras*
One of Defendant's Attorneys

Linda K. Horras, #6200203
Aimee Delaney, #6255827
Susan M. Kusper, #6308533
HINSHAW & CULBERTSON LLP
222 N. LaSalle St., Ste. 300
Chicago, IL 60601
Telephone: (312) 704-3000
Facsimile: (312) 704-3001
lhorras@hinshawlaw.com
adelaney@hinshawlaw.com
skusper@hinshawlaw.com

7

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) |
| COUNTY OF COOK | ) |

**CERTIFICATE OF SERVICE (ECF)**

    I, the undersigned, state that I filed the above and foregoing **Memorandum in Support of Defendant's Motion to Dismiss Count III of Plaintiff's Complaint** via the United States District Court for the Northern District of Illinois' electronic filing system (ECF) on <u>February 20, 2017</u>.

*/s/ Linda K. Horras*
Lina K. Horras

131624138v1 0994391