IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEONA REDMON, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| HARRIS & HARRIS, LTD., | ) ) |
| Defendant. | ) |

Case No. 16 C 11263

Judge Jorge L. Alonso

## MEMORANDUM OPINION AND ORDER

Plaintiff Leona Redmon filed a three-count complaint on behalf of herself and others similarly situated against defendant Harris & Harris, Ltd. ("Harris") for violation of the Fair Labor Standards Act ("FLSA") (Count I), the Illinois Minimum Wage Law ("IMWL") (Count II), and the Illinois Wage Payment and Collection Act ("IWPCA") (Count III). Before the Court is defendant's motion to dismiss Count III [11] of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiff Leona Redmon worked as an Account Representative in Chicago for defendant Harris, a collection agency, from February 2, 2015 through November 21, 2016. (Compl. ¶¶ 7, 8, 10, 13.) Based on a written agreement,[1] Harris agreed to pay plaintiff $13.00 per hour plus bonuses and commissions. (*Id*. ¶ 14.) Harris provided other employees with similar written agreements detailing the terms of compensation upon hiring. (*Id.* ¶ 15.) Harris paid plaintiff and

---

[1] Defendant states that it provided plaintiff with a written, contingent offer of employment (as opposed to a written employment agreement) that stated her hourly pay and admits that other employees similarly situated would have received similar written offer letters. (Def.'s Answer ¶¶ 14-15.)

members of the putative class their hourly wages on a biweekly basis. (*Id*. ¶ 16.) Harris utilized a time-card system that recorded the exact hour and minute at which its employees clocked in and out of work, and used that system to calculate employees' earnings to the tenth of an hour. (*Id*. ¶¶ 24-25.) According to plaintiff, defendant instructed her and members of the putative class to clock in and begin working up to ten minutes before their scheduled start times. (*Id*. ¶ 17.) In addition to clocking in early, plaintiff and other members of the putative class regularly worked and clocked out after their scheduled end times. (*Id*. ¶¶ 18-19, 21-22.) Plaintiff also asserts that Harris rounded down the hours of her time on the clock, which led to her being undercompensated. (*Id.* ¶ 25.) Plaintiff contends that she and other members of the putative class regularly worked more than forty hours a week and that because defendant did not properly calculate all the time they worked, she was not compensated for overtime work. (*Id.* ¶¶ 27, 29-31.)

## STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to releief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need [ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

## DISCUSSION

Defendant contends that plaintiff has failed to allege the existence of an agreement entitling her to the compensation for off-the-clock regular and overtime work, as required to state an IWPCA claim. (Def.'s Mem. at 1-2.) Plaintiff argues that defendant mischaracterizes her claim as one seeking payment for off-the-clock work. (Pl.'s Resp. at 7.) Plaintiff reiterates that because of Harris's time-tracking system, defendant knew how many hours she worked, but did not pay her for all of them. (*Id*. at 7-8.) Plaintiff contends that there was an agreement between the parties to pay her wages for all hours worked on the clock and therefore she has sufficiently alleged an IWPCA claim. (*Id*. at 8.) Plaintiff clarifies that she has not asserted a claim for overtime under IWPCA. (*Id*.) Defendant replies that the IWPCA requires a contract or agreement entitling the plaintiff to the specific compensation sought and that plaintiff has failed to allege that such an agreement existed. (Def.'s Reply at 2, 6.) Defendant further contends that plaintiff seeks payment for time she worked before and after her scheduled shifts and that regardless of whether plaintiff was clocked in, she must allege defendant agreed to pay her for this time in order to state an IWPCA claim. (*Id*. at 7.)

"The IWPCA does not establish a substantive right to payment of any particular regular or overtime wage." *Hoffman v. Roadlink Workforce Sols., LLC*, No. 12 C 7323, 2014 WL 3808938, at *4 (N.D. Ill. Aug. 1, 2014). Wages are defined narrowly under the IWPCA as "'compensation owed an employee by an employer pursuant to an employment contract or agreement between the [two] parties.'" *Enger v. Chi. Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016) (quoting 820 ILCS 115/2) (noting that "the IWPCA exists to hold the employer to his promise under the employment agreement[]" not to force "the judiciary to graft new terms into an employment contract without the employer's consent"). "Thus, to state a claim under the IWPCA, a plaintiff must plead that wages or final compensation is due to him or her as an employee from an employer under an employment contract or agreement." *Deschepper v. Midwest Wine & Spirits, Inc.*, 84 F. Supp. 3d 767, 779 (N.D. Ill. 2015) (internal quotation and citation omitted). An agreement under the IWPCA need not be formal or in writing, but rather "requires only the manifestation of mutual assent." *Barker v. Atl. Pac. Lines*, No. 13 C 1272, 2013 WL 4401382, at *8 (N.D. Ill. Aug. 14, 2013).

As alleged in the complaint, the agreement between the parties stated that defendant would compensate plaintiff at the rate of $13.00 per hour plus bonuses and commissions. While defendant denies that a written agreement existed, the parties agree that plaintiff was compensated at a rate of $13.00 per hour on a biweekly basis. Both sides manifested their intent to be bound by that agreement—plaintiff by showing up to work every day and defendant by paying her biweekly at a rate of $13.00 per hour. This is enough to constitute an agreement as required by the IWPCA. *See Sanchez v. Haltz Const., Inc.*, No. 09 C 7531, 2012 WL 13514, at *5 (N.D. Ill. Jan. 4. 2012) ("Under the IWPCA, an 'agreement' is 'broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons; parties may

enter into an agreement without the formalities and accompanying legal protections of a contract.'") (quoting *Zabinsky v. Gelber Grp., Inc.*, 807 N.E.2d 666, 671 (Ill. App. Ct. 2004)).

Plaintiff states that she was paid the agreed-upon wage, but asserts that Harris breached its agreement when it did not pay her for all the hours she worked. Plaintiff plainly alleges that she was not paid for all the time she was clocked in, as directed by her employer. While facts borne out in discovery may belie plaintiff's contention that she was not paid for all of her on-the-clock work, at this stage of the litigation, the Court construes plaintiff's allegations in her favor and finds that plaintiff has stated an IWPCA claim. *See Zamudio v. Nick & Howard LLC*, No. 15 C 3917, 2015 WL 6736679, *4 (N.D. Ill. Nov. 4, 2015) (denying motion to dismiss and holding that plaintiffs sufficiently alleged facts suggesting the existence of an employment agreement entitling them to the payment in question).

## CONCLUSION

For these reasons, the Court denies defendant's motion to dismiss [11].

**SO ORDERED.**                                  **ENTERED:   July 12, 2017**

_____
**JORGE L. ALONSO**
**United States District Judge**