# Exhibit A

## MASTER SETTLEMENT AND RELEASE AGREEMENT

THIS MASTER SETTLEMENT and RELEASE AGREEMENT is made by and between Leona Redmon ("Redmon" or "Named Plaintiff"), on behalf of herself individually and on behalf of all others who have opted into this Lawsuit and Harris & Harris, Ltd. ("Harris & Harris" or "Defendant"), this 20th day of February 2018.

**Acknowledgements:**

1. Plaintiff Redmon commenced an action against Defendant on December 12, 2016, in the United States District Court for the Northern District of Illinois (the "Court"), case number 16-cv-11263, in which she asserted claims under the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL") and Illinois Wage Payment & Collection Act ("IWPCA"). Redmon claimed, among other things, that she and similarly situated employees were denied pay for various off-the-clock work and challenged the Defendant's calculation of overtime. This case will be hereinafter referred to as the "Lawsuit."

2. The Lawsuit proceeded through pleadings phase and written discovery. By the agreement of the parties, Plaintiff sought and the Defendant did not object to conditional certification under the FLSA. Conditional certification was granted on May 2, 2017.

3. Notice to participate in this Lawsuit was given to all of the putative members of the collective, defined as hourly Account Representatives from May 2, 2014 to May 15, 2017, who had worked at Harris & Harris.

4. The Notice informed the putative members of the collective of the nature of Redmon's allegations, their right to opt into this Lawsuit under the FLSA, and the legal implications of opting into this Lawsuit. After close of the opt-in period, 61 individuals opted into this Lawsuit. These opt-in Plaintiffs, together with Redmon, will be referred to generally as "Plaintiffs" in this document unless otherwise indicated.

5. By opting into this Lawsuit, all Plaintiffs granted Redmon the authority to act as their agent in this Lawsuit. This authority specifically included the Plaintiffs' agreement to be bound by the decisions made and agreements entered into by Redmon.

6. By opting into this Lawsuit, all Plaintiffs granted the law offices of Caffarelli & Associates, Ltd. ("Plaintiffs' Counsel") the authority to represent them in this Lawsuit as well as acknowledging that they would be bound by any settlement, ruling, or judgment, favorable or unfavorable. This authority specifically included the right of Plaintiffs' Counsel to negotiate a fair resolution or settlement of all wage and hour claims that were brought in the Lawsuit or which could have been brought in the Lawsuit.

7. Plaintiffs desire to fully and finally resolve and settle in full all wage and hour cases, claims and disputes they have, had, or may have against the Defendant and all Releasees as that term is defined in Section 4.2 below under the FLSA, IMWL, IWPCA and any other wage/hour law or ordinance, by way of this Master Settlement and Release Agreement ("Agreement") and all accept the terms and conditions of this Agreement.

8. The parties do not abandon the respective positions they have taken throughout the Lawsuit. Nonetheless, they recognize that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. In light of this recognition, Plaintiffs and Defendant believe that this Agreement and a compromise of their claims and defenses is the best way to resolve the disputes between them. The parties, through their respective counsel, have negotiated extensively, in good faith and at arms' length, to reach a settlement that is fair, complete and acceptable to all parties. Settlement was achieved with the assistance of Magistrate Judge Gilbert at a settlement conference held on February 20, 2018. This Agreement constitutes

a reasonable compromise of Plaintiffs' claims and the Defendant's defenses and the bona fide disputes between the parties.

8. The parties intend that the total Settlement Amounts paid to Plaintiffs and the amount paid to the Plaintiffs' counsel are confidential. Plaintiffs and Plaintiffs' counsel agree not to disclose these amounts to any person, although Plaintiffs may disclose the payments each receives to other opt-in Plaintiffs, their tax advisors, spouses, Class Counsel, and Court as a result of this Agreement.

9. The Defendant's settlement of this Lawsuit does not constitute, and is not intended to constitute, and will not be deemed to constitute, an admission by Defendant as to the merits of the allegations or claims made in the Lawsuit.

10. The parties shall seek entry of an Order making certain findings concerning this Lawsuit and the fairness of the parties' settlement. The parties will seek this approval as is required under the FLSA and applicable authority. The enforceability of this Agreement is specifically conditioned on the Court's entry of that Order. The terms of this Agreement will become effective only upon entry of the Order and the execution of this Agreement by the parties and Plaintiffs' Counsel. Each individual opt-in Plaintiff must also sign a limited release in order to participate in the distribution of the settlement monies.

11. If this Agreement is not approved by the Court or by an appellate court, Defendant will not be deemed to have waived, limited, or affected in any way any objections or defenses in the Lawsuit. Similarly, in the absence of Court approval, Plaintiffs have not waived, limited or affected their claims made in this Lawsuit. Evidence of the settlement negotiations and settlement itself shall not be used for any purpose by the parties and the terms of the Agreement will become null and void, should judicial approval not be given.

**NOW, THEREFORE**, in consideration of the mutual promises made in this Agreement and the exchange of valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. **JOINT MOTION TO APPROVE SETTLEMENT.**

    1.1    On or before March 30, 2018, the parties shall file a Joint Motion to Approve the Settlement with the United States District Court for the Northern District of Illinois and seek a fairness hearing as provided under the FLSA. Plaintiffs shall prepare this motion. Plaintiffs' Counsel shall have the responsibility of providing notice of this fairness hearing to all Plaintiffs and providing each Plaintiff access to this Agreement and/or its terms prior to that hearing date.

    1.2    The Parties request the Court to conduct a Fairness Hearing on a date to be scheduled by the Plaintiff for purposes of reviewing the Settlement and deciding whether to issue a Final Order granting final approval of this Agreement and dismissing the Complaint.

    1.3    On the date this Agreement is submitted to the court for its review and providing the Agreement is approved, the case shall be dismissed without prejudice in order to allow the Court to retain jurisdiction for the purpose of enforcing the terms of the Agreement if necessary. Unless a motion to enforce the Agreement (or to extend the deadline by which such a motion must be filed), is filed on or before September 14, 2018, the dismissal shall automatically convert from a dismissal without prejudice to a dismissal with prejudice as of 12:00 p.m. on September 14, 2018, without further action of the Court.

2. **CONSIDERATION FOR DISMISSAL AND WAIVER RELEASE OF CLAIMS.**

    2.1    **Settlement Amount**:  As consideration for Plaintiffs' dismissal and release of all Claims against the Defendant (and Releasees as more fully defined in Section 4.2), as well as their acceptance of the terms of this Agreement, Plaintiffs and the Defendant have agreed to settle this matter for a total gross sum of EIGHTY EIGHT THOUSAND EIGHT HUNDRED &

FORTY FOUR DOLLARS & TEN CENTS ($88,844.10) (hereinafter the "Settlement Amount"). Payment of the Settlement Amount is contingent on the Court's approval of this Agreement at the fairness hearing.

2.2 **Payment of Settlement Amount**: The parties agree that the Settlement Amount shall be apportioned in the following manner:

a. TWENTY THREE THOUSAND DOLLARS ($23,000.00) (gross) (hereinafter the "Settlement Fund") shall be apportioned to the sixty-two (62) Plaintiffs under a formula defined by the Plaintiffs and their counsel, as follows: each Plaintiff will receive a pro rata share of the Settlement Fund based upon the total number of months he or she was employed by Defendant as an Account Representative between May 2, 2014 and May 15, 2017. Moreover, irrespective of the number of months each Plaintiff was employed, each Plaintiff shall also receive a minimum payment of $50.00 ("Minimum Payment") that will be divided equally as wages and liquidated damages as stated in § 2.2(b)(i) and (ii). Plaintiffs and Plaintiffs' Counsel have determined this distribution formula shall be:

- 62 Plaintiffs multiplied by the $50.00 Minimum Payment equals $3,100.00 as the Total Minimum Payment for all Plaintiffs

- The Settlement Fund ($23,000.00) less the Total Minimum Payment equals $19,900.00 as the remaining funds for distribution based upon months worked

- $19,900.00 divided by the total number of months worked by all Plaintiffs equals the Payment Per Month

5

- The payment to each individual Plaintiff is then determined by multiplying the Payment Per Month by the number of months the individual Plaintiff worked for Defendant as an Account Representative.

b. For tax purposes, the payments made to Plaintiffs from the Settlement Fund shall be allocated as follows: 50% of each settlement payment to be designated as unpaid wages, and 50% of each settlement payment for non-wage compensation. Plaintiffs' counsel shall provide an excel spreadsheet listing each Plaintiff by name and address, and with the total amounts due as wages and liquidated damages.

i. For the 50% of each Plaintiffs' settlement payment that is designated as unpaid wages, these amounts represent payment for alleged unpaid wages and overtime wages allegedly due under the FLSA, IMWL and IWPCA. Harris & Harris shall draw these checks and make all legally-required withholdings using the most recent W-4 that it has on file for each Plaintiff. For any current employee enrolled in the Harris & Harris 401(k) program, Harris & Harris shall make the appropriate contributions to the employee's account from these wages. The Defendant will issue IRS Forms W-2 to all Plaintiffs who receive payments described in this Subsection 2.2(b)(i) at the end of the tax year.

ii. For the 50% of each Plaintiffs' settlement payment that is designated as non-wage compensation, these amounts represents payment for liquidated damages that Plaintiffs sought under the FLSA. Each Plaintiff must provide Harris & Harris a completed and executed W-9 that will allow Harris & Harris to draw these checks. If a Plaintiff does not provide a W-9 to the Defendant, it shall have no obligation to make the payment to him or her under this subsection. The Defendant will issue IRS Forms 1099 to all Plaintiffs who receive payments described in this Subsection 2.2(b)(ii) at the end of the tax year. If a plaintiff fails to

301354778v2 0994391

submit a complete and executed W-9 to Defendant before September 14, 2018, these amounts shall revert to Harris & Harris and plaintiff shall have no further right to that sum.

        c.      One check shall be made payable to "Caffarelli & Associates, Ltd." in the amount of SIXTY FIVE THOUSAND EIGHT HUNDRED AND FORTY FOUR DOLLARS and TEN CENTS ($65,844.10), representing Plaintiffs' attorneys' fees, costs and litigation expenses associated with pursuing this Lawsuit. The Plaintiffs acknowledge that these attorneys' fees, costs and litigation expenses are the only attorneys' fees, costs and litigation expenses that are due from Defendant by virtue of this Lawsuit or any other claim for wages by any of the Plaintiffs. Plaintiffs state that they are not aware of any sum that is due and owing to any previous counsel. The parties have not received a written notice of lien regarding any fees or costs incurred on behalf of Plaintiffs in pursing this action. Counsel for the Plaintiffs must provide the Defendant with a Form W-9 so that it may properly draw this check. Defendant will issue a IRS Form 1099 to the law firm at the end of this tax year. The Defendant and the Releasees as defined under Section 4.2 shall not be responsible for the payment of any other attorneys' fees, costs or other litigation expenses outside of those stated in this paragraph. Plaintiffs shall not seek payment of any other attorney's fees, costs or litigation expenses against the Defendant and any Releasee outside of those provided in this Agreement.

        2.3     **Distribution of Settlement Checks:**  The Settlement Fund described in 2.2(a) & (b) shall be distributed by checks made payable to each of the (62) Plaintiffs. Harris & Harris shall mail these checks to each Plaintiff at his/her current address as reflected in the W-9 or that Harris & Harris has on file for him/her. Harris & Harris shall pay the cost of mailing these checks to each Plaintiff at the address they have provided or will provide. The check requisition process shall begin within twenty-one calendar days after the approval of this Agreement by the

Court *and* after Plaintiffs tender an executed release of any and all wage/hour claims and provides his/her executed W-9. The receipt of the release will trigger the payment process for that individual Plaintiff for the settlement payment due under Section 2.2 (b)(i). The receipt of the release and W-9 will trigger the payment process for that individual Plaintiff for the settlement payment due under Section 2.2 (b)(ii). The actual payment date shall be the payroll period closest to the expiration of this twenty-one day period. No checks shall be cut under Section 2.2 (b)(i) to any Plaintiff who fails to provide an executed release, and no checks shall be cut under Section 2.2 (b)(ii) to any Plaintiff who does not provide an executed release and W-9. The processing of all checks must be completed by September 14, 2018. Should a Plaintiff fail to provide an executed release or accurate mailing address prior to that date, thus making payment of the sums designated for that Plaintiff impossible, his or her right to payment under Section 2.2(b)(i) shall expire and the sum(s) shall revert to Harris & Harris. Should a Plaintiff fail to provide an executed release, W9, or accurate mailing address prior to that date, thus making payment of the sums designated for that Plaintiff impossible, his or her right to payment under Section 2.2(b)(ii) shall expire and the sum(s) shall revert to Harris & Harris. Should a properly-addressed check be returned to Harris & Harris because the Plaintiff moved or otherwise failed to provide correct contact information to Harris & Harris, Defendant's obligation to make the payments under this Agreement shall cease effective September 14, 2018. Harris & Harris shall not have any responsibility for skip tracing or otherwise tracking any Plaintiff nor shall it be required to mail checks more than one time to any Plaintiff unless the check was returned to Harris & Harris due to Defendant's error or an error by the mailing service, in which case Defendant must make a good faith effort to correct the error (if the error was caused by Defendant) and mail the check(s) one (1) additional time. Distribution of the attorney's fees and

301354778v2 0994391

costs check described in Section 2.2(c) shall be completed within (15) business days after entry of the Order approving the settlement.

  2.4  As noted, Defendant shall issue IRS Forms W-2 to each Plaintiff for the portion of the Settlement Amount payable to each Plaintiff as wages. Defendant shall issue IRS Forms 1099 to each Plaintiff for the portion of the Settlement Amount payable to each Plaintiff as liquidated damages available under the Fair Labor Standards Act. Defendant shall issue IRS Forms 1099 to Plaintiffs' Counsel for the portion of the Settlement Amount payable to Plaintiffs' Counsel as and for attorneys' fees and costs. To effectuate the tax withholdings provided for above, contemporaneously with the transmission of this executed Agreement, Redmon shall provide Defendant with completed tax Forms W-9, and Plaintiffs' Counsel, Caffarelli & Associates, Ltd. shall provide Defendant with completed tax Form W-9. In addition, all Plaintiffs shall provide Defendant with a completed tax Form W-9 in order to receive any payment described in Section 2.2(b)(ii). The parties recognize that Harris & Harris shall use the most current Form W-4 available on each Plaintiff. Plaintiffs agree to hold Defendant and all Releases as defined in Section 4.2 below harmless, and indemnify them from and against, any tax liability Defendant may incur as the result of any failure on the part Plaintiffs to pay taxes on his/her portion of the Settlement Amount.

  2.5  Plaintiffs acknowledge that they are responsible for determining the tax treatment of all aspects of the Settlement Amount and they have not relied on the advice of Defendant and Defendant' counsel with regard to the tax treatment of the Settlement Amount.

  2.6  **Mailing Address**: Plaintiffs shall promptly notify Defendant of a change in address, if any should occur prior to the terms of this Agreement being fulfilled. They shall

301354778v2 0994391

provide this change of address to Aryeh D. Derman, General Counsel, at Harris & Harris, 111 W. Jackson Blvd, Suite 600, Chicago, IL 60604.

2.7 Harris & Harris will, at its option, draw physical checks for all current employees or direct deposit those checks for any current employee who is enrolled in direct deposit, at its option. Proof of payment, such as a check stub, shall be provided to the current employee reflecting the payment amount, withholdings (as applicable) and date of payment.

3. **DENIAL OF LIABILITY.** The Defendant is taking these steps to resolve Plaintiffs' Claims against it and provide consideration for their full and complete release of all wage and hour claims that were or could have been brought in this Lawsuit and their acknowledgement that the Defendant has compensated them for all wages, overtime compensation and other compensation or benefits due them that arose during their employment. The Defendant denies that it is indebted or liable to Plaintiffs in any way, and the concessions made herein were given solely to avoid further cost and expense of defending Plaintiffs' Lawsuit.

4. **RELEASE OF ALL WAGE & HOUR CLAIMS.**

4.1 All Plaintiffs shall acknowledge in writing that the Settlement Amount as described in Section 2.0 represents payment of all wages, including overtime pay, and all other compensation and benefits to which Plaintiffs are entitled as the result of Plaintiffs' employment with Defendant, or any Releasee as defined in Section 4.2 below as of the date of the execution of this Agreement. A Limited Release will be provided to each Plaintiff for his or her review and execution. Plaintiffs' Counsel shall be responsible for distributing and collecting these Limited Releases and providing them to counsel for Harris & Harris.

4.2     As a condition of this settlement, Plaintiffs hereby release and forever discharge Harris & Harris, including any subsidiaries, divisions, related and affiliated companies, foundations and business units, which expressly includes but is not limited to, Arnold Scott Harris, P.C.; all current and former owners, employees, attorneys, and insurers and insurance carriers (hereinafter collectively referred to jointly and severally as "Releasees"), from all wage and hour claims made in the Lawsuit or which could have been made in the Lawsuit, including those made under the FLSA, IMWL, IWPCA, and which could have been brought under any other federal, state or municipal ordinance governing payment of wages, overtime compensation, benefits, statutory damages under those statutes and ordinances, and attorney's fees and costs associated with the Lawsuit or any other wage and hour claim.

4.3     Should any governmental agency seek relief on any of the Plaintiffs' behalf under any wage or hour statute or ordinance, each Plaintiff shall acknowledge that he or she has waived all rights to recover money or other individual relief in connection with any charge or claim, whether filed by himself/herself, an agency, or anyone else, up to the date of the execution of this Agreement.

4.4     It is the intent of the parties that this Agreement shall resolve all wage and hour claims between Plaintiffs and Releasees, from the beginning of time through the date of this Agreement and individual releases are signed, whether known or unknown.

4.5     The parties acknowledge that the FLSA requires judicial approval of the terms of this Agreement in order to effectuate the release of rights and claims under this statute. The parties acknowledge and agree that they will work cooperatively to seek approval of the terms of this Agreement. Should the Court refuse to approve the terms of this Agreement, the parties acknowledge and agree that this Agreement, evidence of it, and negotiations that lead to this

301354778v2 0994391

Agreement, are null, void, unenforceable and inadmissible in this Lawsuit or any other claim or forum.

5. Each Plaintiff affirms that he/she is not a Medicare or Medicaid beneficiary as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare or Medicaid.

6. This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel involvement in the preparation of this Agreement.

7. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement. This includes but is not limited to the Limited Releases to be executed by each Plaintiff.

8. This Agreement may only be modified, altered or changed in writing, signed by the Parties and approved by the Court, if required.

9. This Agreement shall be subject to and governed by the laws of the State of Illinois. The Parties agree any Court of competent jurisdiction sitting within the State of Illinois, County of Cook, will have jurisdiction over this Agreement, including the United States District Court for the Northern District of Illinois.

10. This Agreement may be executed in counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any scanned copies or facsimiled copies of the Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to: counsel for the Defendant, Linda K. Horras, Hinshaw & Culbertson LLP, 222 N. La

301354778v2 0994391

Salle Street, Suite 300, Chicago, IL 60601, facsimile (312) 704-3001, lhorras@hinshawlaw.com and counsel for the Plaintiffs, Alexis Martin, Caffarelli & Associates, Ltd., 224 S. Michigan, Suite 300, Chicago, IL 60604; facsimile (312) 577-0720; amartin@caffarelli.com.

11. The terms and conditions of this Agreement constitute the exclusive and final understanding and expression of all agreements between Plaintiffs and Defendants with respect to the resolution of the wage and hour claims brought or which could have been brought in the Lawsuit. By signing below, the Named Plaintiff and Plaintiffs' Counsel specifically acknowledge that they are authorized to sign on behalf of all opt-in Plaintiffs and bind those opt-in Plaintiffs to this Agreement.

14. **Good Faith Cooperation:** Named Plaintiff and Defendant recognize that during the process of implementing the terms of this Agreement, issues not contemplated by the parties may arise. In that event, Named Plaintiff and Defendant agree to exercise good faith in attempting to resolve such issues.

15. **Authority:** Each individual signing below warrants that she or he has the authority to execute this Agreement on behalf of the party for whom or which that individual signs.

[THIS SPACE INTENTIONALLY LEFT BLANK]

13

**IN WITNESS WHEREOF**, Named Plaintiff, Plaintiffs' Counsel and Defendant have duly executed this Settlement and Release Agreement freely and voluntarily on behalf of themselves and all Plaintiffs who have opted into this Lawsuit.

_____
Leona Redmon

Date: March 16, 2018

_____
Alexis Martin
Caffarelli & Associates, Ltd.

Date: March 16, 2018

_____
Harris & Harris, Ltd.   A. Berman

Date: March 26, 2018

14

# Exhibit B

## **LIMITED RELEASE & WAIVER OF WAGE CLAIMS**

The undersigned is a current or former Account Representative of Harris & Harris, Ltd. or its related entity, Arnold Scott Harris, P.C. The undersigned opted into the wage and hour litigation brought by Leona Redmon in *Redmon v. Harris & Harris, Ltd.*, in the United States District Court for the Northern District of Illinois, case number 16-cv-11263 ("Lawsuit"). The undersigned was given notice of the approval hearing set before the Court on April 4, 2018. The undersigned acknowledges that he or she has been informed to the terms of the Master Agreement between Plaintiff and Defendant and that he/she does not have any objection to this settlement. The undersigned further acknowledges that this settlement is binding on the undersigned

By executing this release and waiver of claims and receiving the benefits under the Master Agreement, the undersigned releases and forever discharges Harris & Harris, including any subsidiaries, divisions, related and affiliated companies, which expressly includes but is not limited to, Arnold Scott Harris, P.C.; all current and former owners, employees, attorneys, and insurers and insurance carriers (hereinafter collectively referred to jointly and severally as "Releasees"), from all claims made in the Lawsuit or which could have been made in the Lawsuit, including those made under the Fair Labor Standards Act, Illinois Minimum Wage Law, and Illinois Wage Payment & Collection Act; or which could have been brought under any other federal, state or municipal ordinance governing payment of wages, overtime compensation, benefits, statutory damages under those statutes and ordinances and attorney's fees and costs associated with the Lawsuit or any other wage and hour claim now pending.

Should any governmental agency seek relief on behalf of the undersigned under any wage or hour statute or ordinance, the undersigned acknowledges that he or she is waiving all rights to recover money or other individual relief in connection with any charge or claim, whether filed by himself/herself, an agency, or anyone else, up to the date of the execution of this document.

The undersigned acknowledges and agrees that the monies that will be provided to him/her by virtue of the parties' settlement is sufficient consideration for this release and waiver of any wage and hour claims that the undersigned has or may have at any time up to the date of the execution of this Limited Release. By signing this Limited Release, the undersigned acknowledges and agrees that he or she has been paid for all wages, including overtime wages, that were due from Harris & Harris, Ltd. or Arnold Scott Harris, P.C. at any time up to the date of the execution of this Limited Release.

_____
Employee's Signed Name

_____
Employee's Printed Name

Date: _____, 2018

131320171v1 0945676

# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LEONA REDMON, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 16-cv-11263 |
| v. | **Honorable Jorge L. Alonso** |
| HARRIS & HARRIS, LTD., | Magistrate Judge Jeffrey T. Gilbert |
| Defendant. | |

## ORDER APPROVING SETTLEMENT

Upon the parties' Joint Motion for Approval of Settlement, having reviewed the materials submitted by the parties, the Court finds the settlement of this matter to be a fair and reasonable compromise of claims under the Fair Labor Standards Act and the Illinois Minimum Wage Law. The Court approves this settlement and grants the parties' Joint Motion for Approval of Settlement. This matter is dismissed without prejudice with each party to bear its own fees and costs, except as otherwise provided for in the parties' Settlement Agreement. Unless a motion to enforce the Settlement Agreement or a motion to extend the deadline by which such a motion must be filed, this dismissal shall automatically convert to a dismissal with prejudice as of 12:00 p.m. on September 14, 2018, without further action of the Court.

IT IS SO ORDERED.

Dated:

_____
Hon. Jorge L. Alonso
U.S. District Court Judge